IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL C. SUSSMAN, <br><br> Plaintiff, <br><br> vs. <br><br> WEBER STATE UNIVERSITY, and the UTAH STATE POLICE,[1] <br><br> Defendants. | ORDER <br><br> AND <br><br> MEMORANDUM DECISION <br><br> Case No. 2:16-CV-1119-TC |

Pro se plaintiff Michael Sussman was a student at Weber State University in Ogden, Utah. But on January 6, 2012, the University expelled him and permanently barred him from campus (i.e., imposed what he refers to as "permanent criminal trespass status"[2]). In November 2016, Mr. Sussman filed his complaint under 42 U.S.C. § 1983 alleging that the University violated his procedural due process rights. He also alleges that the University slandered him.

The University now moves for dismissal of Mr. Sussman's complaint with prejudice on the grounds that this court lacks subject matter jurisdiction and that Mr. Sussman has not stated a claim for which relief may be granted.

Mr. Sussman's factual allegations are sparse and vague, but because Mr. Sussman is

---

[1] It appears that Mr. Sussman's term "Utah State Police" refers to the Weber State University Police Department (there is no such entity called the "Utah State Police"), which is part of the University, not a separate entity.

[2] See Compl. at 2 (Docket No. 3).

proceeding pro se, the court gives his complaint a liberal reading.³  Even giving Mr. Sussman the benefit of the doubt, and taking all of his factual allegations as true, the court concludes that, as a matter of law, the University is entitled to dismissal.

## FACTUAL ALLEGATIONS

On January 6, 2012, the University's Dean of Students expelled Mr. Sussman "with no due process whatsoever . . . based on the percieved [*sic*] content of an academic assignment." (Compl. at 2 (Docket No. 3).)  Mr. Sussman characterizes the expulsion as retaliation, but he does not disclose the content of his academic assignment and no other allegations shed light on his assertion.  (See id. at 3.)  On the same day, the University imposed "permanent criminal trespass status [on him] with no due process whatsoever."  (Id. at 2.)  As a result of those actions, he lost his on-campus computer access and his public transit pass.

He alleges that he was then subjected to "continued harassment by Utah State Police[.]" (Id. at 4.)  As an example, he writes that, "[w]hile on duty, in uniform and off campus, a Trevor Olson pointed at Plaintiff, laughed, and bragged of the torts the codefendants commited [*sic*]." (Id.)  The court assumes that Trevor Olson is a member of the University Police Department, but Mr. Olsen is not a named defendant and there are no other allegations concerning him.

Mr. Sussman also alleges that "[t]op officials at Weber State University slandered me." (Id. at 5.)  He does not name any of those top officials as defendants and does not identify them

---

³"Although '[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), '[t]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigations.' Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)." Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

in his pleading.  To support his slander claim, he asserts that "[o]fficial staff meetings were held to spread the rumor that there was a restraining order keeping [him] away from the volleyball team.  The criminal trespass status convinced people this was true."  (Id.)

He lists the injuries he has suffered as a result of the University's actions: "I have lost the benefits of being a Weber State University student.  Lost benefits of computer labs and transit pass.  Lost friends who were WSU course instructors.  Starvation, and homeless for 2 years, 2 mos., & a week.  Unable to attend volleyball matches."  (Id. at 5.)  In his request for relief, he asks for ten million dollars in actual damages, ten million dollars in punitive damages, and "reversal of both expulsion and the permanent criminal trespass status."  (Id. at 6–7.)

## ANALYSIS

State universities (of which Weber State is one), are arms of the state rather than independent entities.  Watson v. Univ. of Utah Med. Ctr., 75 F.3d 569, 575 (10th Cir. 1996) (holding that the public University of Utah is an arm of the state).  Accordingly, although Mr. Sussman names the University as the Defendant, his suit is essentially against the State of Utah and the same defenses that apply to the State also apply to the University.

Those defenses include sovereign immunity.  Id. at 574.  On that basis, the University brings its motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  The University also brings its motion under Federal Rule of Civil Procedure 12(b)(6), contending that Mr. Sussman has not alleged claims upon which relief may be granted as a matter of law because (1) the State of Utah is not a "person" for purposes of § 1983 and so

Mr. Sussman has no remedy under that statute;[4] (2) the allegations do not meet the pleadings standards necessary to survive a motion to dismiss; (3) Mr. Sussman's § 1983 claims are barred by the four-year statute of limitations; and (4) his state law claim of slander is barred by the Governmental Immunity Act of Utah (GIAU) because he did not provide notice to the State of his claim and because the University has not waived its immunity under the GIAU for defamation claims.

**Standard of Review**

The University contends that the allegations on the face of Mr. Sussman's complaint do not establish subject matter jurisdiction and so the court must dismiss the action under Rule 12(b)(1) of the Federal Rules of Civil Procedure. When reviewing a challenge to jurisdiction, the court must accept all well-pleaded allegations of the complaint as true. Peterson v. Martinez, 707 F.3d 1197, 1206 (10th Cir. 2013). Mr. Sussman has the burden of establishing subject matter jurisdiction. Colombian Fin. Corp. v. Stork, ___ F.3d ___, 2016 WL 6093834, at *2 (D. Kan. Oct. 19, 2016).

Under Rule 12(b)(6), the standard of review is essentially the same. To survive a motion to dismiss under that rule, the complaint must contain well-pleaded factual allegations that, if true, state a claim that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[4]This part of the University's argument essentially mirrors its sovereign immunity argument. For an entity to be potentially liable under § 1983, it must be a "person." 42 U.S.C. § 1983. The statute does not define "person," but the courts have. According to long-established precedent, "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 70–71 (1989) (emphasis added).

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Under Twombly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 663 (quoting Twombly, 550 U.S. at 555).  In addition, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The University asserts that Mr. Sussman's complaint cannot survive review under either rule.  The court agrees that dismissal is proper because the court lacks jurisdiction over all of Mr. Sussman's claims.

**Mr. Sussman's § 1983 Claim is Barred by the Eleventh Amendment.**

Under the Eleventh Amendment of the United States Constitution, the State of Utah and "arms of the State" such as a state school have sovereign immunity from suits brought in federal court. Edelman v. Jordan, 415 U.S. 651, 662–63 (1974); Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1233 (10th Cir. 1999).  It is well established that this immunity extends to suits brought under 42 U.S.C. § 1983.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 70–71 (1989).

There are three exceptions to this rule.  First, the state may consent to suit in federal court.  Muscogee (Creek) Nation v. Pruitt, 669 F.3d 1159, 1166 (10th Cir. 2012).  Second, Congress may abrogate that immunity through statute.  Id.  And third, under the Ex parte Young doctrine, "a plaintiff may bring suit against individual state officers acting in their official

5

capacities if the complaint alleges an <u>ongoing violation</u> of <u>federal law</u> and the plaintiff seeks prospective relief." <u>Id.</u> (citing <u>Ex parte Young</u>, 209 U.S. 123 (1908); <u>Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.</u>, 535 U.S. 635, 645 (2002)) (emphasis added).

None of the exceptions apply to Mr. Sussman's § 1983 claim. To start, the State of Utah has not consented to be sued in federal court under that statute. <u>See</u> <u>Sutton</u>, 173 F.3d at 1235 (finding that Utah statutes contain a "'positive expression of policy against suits against Utah in United States courts'") (quoting <u>Richins v. Indus. Constr., Inc.</u>, 502 F.2d 1051, 1055 (10th Cir. 1974)); Utah Code Ann. §§ 63G-7-101, -301 (lacking waiver of immunity from § 1983 suits) (West 2017). And Congress did not include language in 42 U.S.C. § 1983 that abrogates any state's Eleventh Amendment immunity. <u>Watson</u>, 75 F.3d at 574.

The final exception—the <u>Ex parte Young</u> doctrine—is inapplicable here because Mr. Sussman has not named individual state officials as defendants. He only names the University (i.e., the State of Utah) as a defendant, and, as noted above, the State is not subject to the doctrine removing immunity from suit.

Mr. Sussman cannot repair this pleading infirmity. Even if he amended his complaint to name a state official as an individual defendant, his claim would still be dismissed because his § 1983 claim is barred by the applicable four-year statute of limitations. <u>See</u> <u>Garza v. Burnett</u>, 672 F.3d 1217, 1219 (10th Cir. 2012) (applying four-year statute of limitations to § 1983 claim). Mr. Sussman alleges that the University violated his due process rights when it decided to expel him and bar him from campus on January 6, 2012. But he filed his complaint on October 31, 2016, more than four years after his alleged injury occurred.

In his opposition brief, Mr. Sussman unpersuasively argues that § 1983 is a "rolling

statute" and, consequently, his claim falls within the four-year period. (Pl.'s Opp'n to Def.'s Mot. to Dismiss at 3 (Docket No. 10).) The University appropriately interprets Mr. Sussman's argument to mean that the statute of limitations does not bar his due process claim because the expulsion and decision to bar him from campus are "continuing violations" that existed at the time he filed his complaint. Tenth Circuit Court of Appeals decisions, albeit unpublished, suggest that Mr. Sussman cannot prevail on his argument. For instance, in July 2016, a panel of judges from the Tenth Circuit noted that "we have never formally adopted the continuing violation doctrine for § 1983 actions[.]" Gosselin v. Kaufman, 656 F. App'x 916, 919 (10th Cir. 2016) (unpublished). See also Mercer-Smith v. N.M. Children, Youth & Families Dep't, 416 F. App'x 704, 712 (10th Cir. 2011) (unpublished) ("[T]he doctrine of continuing violations does not apply to § 1983 claims.").

But even if the Tenth Circuit recognized the doctrine, the doctrine is triggered "'by continual unlawful acts, not by continual ill effects from the original violation.'" Bergman v. U.S., 751 F.2d 314, 317 (10th Cir. 1984) (quoting Ward v. Caulk, 650 F.2d 1144, 1147 (9th Cir. 1981)), quoted in Parkhurst v. Lampert, 264 F. App'x 749, 749 (10th Cir. 2008) (unpublished). The University's meeting and decision to expel and bar Mr. Sussman from campus were discrete acts that occurred once. See Colombian Fin. Corp., ___ F.3d ___, 2016 WL 6093834, at *5 ("The plaintiff's claim of procedural due process rests exclusively on past events and decisions . . . [and does] not make this an ongoing violation."). Mr. Sussman points to "ill effects" from the University's January 2012 act, and those do not bring his § 1983 claim within the statute of

limitations period.[5]

In sum, because the University enjoys Eleventh Amendment sovereign immunity, this court lacks subject matter jurisdiction over the § 1983 claim. Additionally, that claim is time-barred. For those reasons, the University is entitled to dismissal.

**The University Is Immune From Mr. Sussman's Slander Claim.**

The court does not have subject matter jurisdiction over Mr. Sussman's allegation of slander either.

As noted above, the doctrine of sovereign immunity bars all suits against the State in federal court. Even if the court allowed Mr. Sussman to add a state official as a defendant in an individual capacity, the court would still dismiss the slander claim.

First, "the Eleventh Amendment bars suits brought in federal court seeking to enjoin a state official from violating state law." Johns v. Stewart, 57 F.3d 1544, 1553 (10th Cir. 1995). A slander claim arises out of state tort law.

Second, under the GIAU, the State is immune from Mr. Sussman's slander claim. The GIAU "governs all claims against governmental entities or against their employees or agents arising out of the performance of the employee's duties, within the scope of employment, or under color of authority." Utah Code Ann. § 63G-7-101 (West 2017) (emphasis added). Immunity from suit exists if "(1) the activity giving rise to the plaintiff's claim served a

---

[5]Mr. Sussman, in his opposition, argues that the violation is ongoing because the trespass order "[d]oes not expire." (Pl.'s Opp'n to Mot. to Dismiss, at 3 ("Does the law require me to get arrested just for a fresh accrual point?").) Mr. Sussman's point is problematic. In his complaint, he challenges the amount of procedure, if any, the University gave to him before it decided to expel and bar him from campus; his § 1983 claim does not extend to the merits of the University's decision, from which the allegedly ongoing effects originate.

governmental function; (2) governmental immunity is not waived for the particular activity; or (3) if immunity is waived for a particular activity, the activity falls under an applicable exception to that waiver." Grappendorf v. Pleasant Grove City, 173 P.3d 166, 168 (Utah 2007). The first and second prongs are relevant here.[6]

The University is immune under the governmental function prong of the test. A "governmental function" is defined as "each activity, undertaking, or operation of a governmental entity" or its departments, agencies, employees, agents, or officers. Utah Code Ann. § 63G-7-102(4)(a)–(b) (West 2017). A public university such as Weber State is a governmental entity and the operation of the University is a governmental function. Wright v. Univ. of Utah, 876 P.2d 380, 388 (Utah Ct. App. 1994). And the alleged slander occurred during "official staff meetings" at the University. It follows that the University employee or employees who made the alleged slanderous statements were involved in the State's operation of the University. For those reasons, both the unidentified employees and the University itself are immune under the first part of the test for GIAU immunity.

The University is immune under the second prong as well. The State has not waived immunity from defamation suits. "A governmental entity, its officers, and its employees are immune from suit, and immunity is not waived, for any injury proximately caused by a negligent act or omission of an employee committed within the scope of employment, if the injury arises out of or in connection with, or results from," among other torts, "libel [and] slander." Utah Code Ann. § 63G-7-201(4)(b) (West 2017). The employees attending the "official staff

---

[6]The third prong has no relevance because, as noted in this order, there has been no waiver of immunity for defamation.

meetings" were certainly acting within the scope of their employment. Consequently, their alleged defamatory statements fall within § 63G-7-201, and they and their employer—the University—are immune from Mr. Sussman's slander cause of action.

## ORDER

For the reasons set forth above, the Defendants' Motion to Dismiss (Docket No. 9) is GRANTED. All of Mr. Sussman's claims are hereby dismissed with prejudice.

DATED this 22nd day of February, 2017.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge